**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4627**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO DE LA CRUZ-ORTIZ, a/k/a Francisco
Lopez, a/k/a Manuel Francisco De La Cruz-
Ortiz,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville. Henry M. Herlong, Jr., District
Judge. (CR-04-3)

Submitted: April 26, 2006          Decided: June 8, 2006

Before WILKINSON, LUTTIG,* and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Wells Dickson, Jr., Charleston, South Carolina, for Appellant.
Maxwell B. Cauthen, III, OFFICE OF THE UNITED STATES ATTORNEY,
Greenville, South Carolina, for Appellee.

---

*Judge Luttig was a member of the original panel but did not
participate in this decision. This opinion is filed by quorum of
the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Francisco De La Cruz-Ortiz appeals the district court's judgment entered pursuant to his guilty plea for illegal reentry after deportation subsequent to a conviction for an aggravated felony in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2000). He received a forty-six month prison sentence. Cruz-Ortiz's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal. Cruz-Ortiz has filed a pro se supplemental brief claiming the district court did not fully comply with the requirements of Fed. R. Crim. P. 11 and that the district court erred in imposing its sentence. Finding no reversible error, we affirm.

Cruz-Ortiz claims that the district court did not fully comply with the requirements of Fed. R. Crim. P. 11 during his guilty plea hearing. Because Cruz-Ortiz did not object to or seek to withdraw his guilty plea on the basis of this omission, our review is for plain error. United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). Under plain error review, this court may notice an error that was not preserved by timely objection only if the defendant can demonstrate that: (1) there was error; (2) it was plain; and (3) the error affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even when these three conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously

affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

The district court conducted a thorough Rule 11 colloquy except for one question. In response to the district court's question of whether anyone threatened, forced, or coerced him into pleading guilty, Cruz-Ortiz responded, "Yes, sir." Neither the district court nor counsel pursued the matter any further at the plea hearing or at sentencing. Here, there was error, because the district court failed to conform to Rule 11 in its entirety by not pursuing Cruz-Ortiz's affirmative answer. This error was plain because it was "clear" or "obvious." Olano, 507 U.S. at 734.

However, this error did not affect Cruz-Ortiz's substantial rights. An error is substantial if it was so prejudicial as to affect the outcome of the proceedings. Id.; Martinez, 277 F.3d at 532. In the guilty plea context, to prove that an error is substantial, the defendant must show that, but for the error, he would not have pled guilty. Id. Cruz-Ortiz does not provide any explanation of how he was coerced to plead guilty. At every other opportunity, including the district court's next question, Cruz-Ortiz readily admitted his guilt. Cruz-Ortiz was well aware of his rights, and, given that he does not allege that but for the Rule 11 error, he would not have pled guilty, that error did not affect his substantial rights. Therefore, the district court committed no reversible error.

Cruz-Ortiz claims that the district court erred under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 764-68 (2005), when it enhanced his sentence sixteen levels using a prior conviction that was not charged in his indictment. However, the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. Almendarez-Torres v. United States, 523 U.S. 224, 245 (1998). U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2005) applies a sixteen level enhancement if the defendant was previously deported after, among other things, a "crime of violence," defined in the commentary to include an "aggravated assault." USSG § 2L1.2, comment (n.1(B)(iii)). In 2001, Cruz-Ortiz was convicted in South Carolina of "Assault and Battery of a High and Aggravated Nature." As the definition of Cruz-Ortiz's prior crime inherently identified the offense as a crime of violence, the district court did not violate Cruz-Ortiz's Sixth Amendment rights. See Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 1262 (2005); United States v. Washington, 404 F.3d 834, 840-41 (4th Cir. 2005).

Cruz-Ortiz finally argues that the district court's treatment of the sentencing guidelines as mandatory requires resentencing. Although the district court followed the law in effect at the time of Cruz-Ortiz's sentencing, Cruz-Ortiz is

correct that subsequent legal developments make it clear that the district court erred in treating the guidelines as mandatory, <u>see United States v. Hughes</u>, 401 F.3d 540, 547-48 (4th Cir. 2005). Nevertheless, we have held that in the plain error context, the error of sentencing under the mandatory guidelines regime does not warrant a presumption of prejudice, nor is it a structural error. <u>United States v. White</u>, 405 F.3d 208, 224 (4th Cir. 2005). Nothing in the record suggests the error in applying the guidelines as mandatory affected the court's ultimate determination of Cruz-Ortiz's sentence. Accordingly, Cruz-Ortiz cannot satisfy the prejudice requirement of the plain error standard.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Cruz-Ortiz's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>