[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14862
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00056-SLB-HGD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL FRANCISCO DE LA CRUZ-ORTIZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 2, 2012)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Manuel Francisco de la Cruz-Ortiz (Cruz-Ortiz) appeals his sentence of 46 months' imprisonment, arguing that the district court improperly calculated the applicable sentencing guideline range.  Because we conclude that any error in the guideline calculations was harmless, we affirm.

Cruz-Ortiz, a native of Mexico, pleaded guilty to illegal re-entry, in violation of 8 U.S.C. § 1326, and admitted that he had been deported on two prior occasions and had re-entered the United States without permission.  Cruz-Ortiz was deported in 2001 after a conviction in South Carolina for assault and battery of a high and aggravated nature (ABHAN).  After he returned to the U.S., he was convicted of illegal re-entry and deported a second time in 2007.  In 2011, he was apprehended in Alabama, he admitted to authorities that he was in the U.S. illegally, and he was convicted of the instant illegal re-entry charge.

The probation officer prepared a presentence investigation report (PSI), applying a base offense level of 8 under U.S.S.G. § 2L1.2 and adding a 16-level enhancement for Cruz-Ortiz's prior conviction for a crime of violence, the ABHAN conviction, under § 2L1.2(b)(1)(A)(ii).  With a three-level reduction for acceptance of responsibility, Cruz-Ortiz's adjusted offense level was 21, which, when coupled with his criminal history category, yielded a guideline range of 46 to 57 months' imprisonment.  Cruz-Ortiz objected to the 16-level enhancement on

2

the ground that his ABHAN conviction did not qualify as a crime of violence, although he conceded that the Fourth Circuit had found it to be so in his appeal. *See United States v. Cruz-Ortiz*, 184 F. App'x 341 (4th Cir. 2006).  He also requested a downward departure or variance based on cultural assimilation.

At sentencing, the court overruled Cruz-Ortiz's objection to his sentencing enhancement, finding that the issue had been litigated previously.  The court calculated the guideline range to be 46 to 57 months' imprisonment and found no basis to depart or vary from this range.  After considering Cruz-Ortiz's history and the fact that he had been deported twice, the court stated that it found a sentence within the guideline range appropriate.  The court sentenced Cruz-Ortiz to 46 months' imprisonment and stated that it would impose the same sentence under the 18 U.S.C. § 3553(a) sentencing factors even if it had resolved the guideline issue differently.  This is Cruz-Ortiz's appeal.

Cruz-Ortiz argues that the district court erred by enhancing his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a crime of violence based on his prior ABHAN conviction under South Carolina law.  Cruz-Ortiz concedes that the Fourth Circuit ruled on this issue in his appeal in a previous case, but he argues that recent U.S. Supreme Court decisions and this court's decision in *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010), call into question the

3

precedential effect of that decision.

We review *de novo* whether a defendant's prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines. *United States v. Rosales-Bruno*, 676 F.3d 1017, 1020 (11th Cir. 2012).

The Sentencing Guidelines provide for a 16-level enhancement in the offense level if a defendant previously was removed after a felony conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). "Crime of violence" is defined to include aggravated assault "or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.*, comment. (n.1(B)(iii)).

The government concedes that the district court improperly determined that Cruz-Ortiz's ABHAN conviction was a crime of violence. Nevertheless, where the district court states that it would impose the same sentence even if it had resolved the guideline issue differently, we will conclude that the guideline error was harmless and affirm the sentence imposed as long as that sentence is reasonable. *United States v. Lozano*, 490 F.3d 1317, 1324-25 (11th Cir. 2007); *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). In determining whether the sentence is reasonable, we assume that the advisory guidelines range would have been reduced according to the defendant's arguments. *Lozano*, 490

4

F.3d at 1324.  We then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable.  *Id.*

The district court is required to impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care.  *See* 18 U.S.C. § 3553(a)(2)(A)-(D).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).  A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, the sentence imposed is reasonable.  Because Cruz-Ortiz had prior convictions, the statutory maximum penalty he faced was ten years'

imprisonment.[1]  *See* 8 U.S.C. § 1326(b)(1).  The 46-month sentence imposed is well below this potential maximum sentence.  Moreover, the court explained that it considered the circumstances of the offense, the need to provide deterrence, and possible disparities with other sentences.  The court noted that Cruz-Ortiz already had been deported twice and had been sentenced to 46 months' imprisonment for his prior illegal-re-entry conviction.  Thus, the court found that a sentence below the guideline range would not meet the sentencing factors and provide the necessary deterrence.  We cannot conclude on these facts that the sentence imposed was unreasonable.  Accordingly, we affirm Cruz-Ortiz's sentence.

   **AFFIRMED.**

---

[1]  The government filed a notice of its intent to rely on Cruz-Ortiz's prior convictions as qualifiers for a twenty-year maximum sentence under 8 U.S.C. § 1326(b)(2). That section enhances the penalty for defendants convicted of an "aggravated felony." 8 U.S.C. § 1326(b)(2).  An "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43) includes a crime of violence. Because the government has conceded that Cruz-Ortiz's prior conviction is not a crime of violence, we assume the maximum sentence was ten years' imprisonment under § 1326(b)(1).