566 So.2d 918 (1990)
Michael PROKO, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2239.
District Court of Appeal of Florida, Fifth District.
September 13, 1990.
*919 Robert R. Berry and Gregory Eisenmenger of Ciener, Eisenmenger & Berry, Merritt Island, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
McNEAL, R.T., Associate Judge.
Appellant, Michael Proko, appeals his convictions of false imprisonment and solicitation to commit lewdness or prostitution. Two of appellant's arguments merit discussion. Appellant argues that the trial court erred in denying a motion for judgment of acquittal on false imprisonment because the evidence did not establish a prima facie case of forcible restraint and because the state failed to allege or prove intent. The state contends that the conflicting evidence on the issue of forcible restraint created a factual question for the jury to resolve. They also contend that they are not required to allege or prove specific intent or purpose to establish the crime of false imprisonment. We find that the evidence of forcible restraint was sufficient to present a jury question on that issue and that the state was not required to allege or prove that the unlawful restraint was committed with specific intent.
Appellant was convicted of violating section 787.02(1)(a), Florida Statutes (1989), which provides as follows:
The term "false imprisonment" means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in s. 787.01 [the kidnapping statute].
The state filed an information that tracked the language of this statute. Appellant never moved to dismiss the information. At trial, the state presented evidence that appellant solicited sexual favors from the 15-year-old victim in return for money, and after she refused, appellant grabbed the victim's arm and pulled it toward the window of his truck. When the victim tried to "jerk" her arm away, he "jerked" it back. Finally, with what she described as a "big old jerk," she "jerked" away from him. In response to the question, "What you described, was it kind of like a tug-of-war," the victim responded, "Yes." She then demonstrated this jerking motion for the jury. On cross-examination, appellant's defense attorney was able to minimize the tugging by getting the victim to *920 admit that she was able to remove her hand when she wanted to. On redirect, the victim explained that she was able to remove her hand only after a struggle.
A motion for judgment of acquittal admits not only the facts in evidence, but every reasonable inference from the evidence favorable to the state. The court should not grant the motion unless, when viewed in the light most favorable to the state, the evidence does not establish a prima facie case of guilt. Lynch v. State, 293 So.2d 44 (Fla. 1974); Herman v. State, 472 So.2d 770 (Fla. 5th DCA 1985), rev. denied, 482 So.2d 348 (Fla. 1986). If there is sufficient evidence from which the jury could conclude that appellant unlawfully and forcibly restrained the victim against her will, the motion must be denied.
Appellant argues that the restraint must be substantial to be unlawful but cites no authority in support of that proposition. Unlike some states, the Florida statute does not require that the force or the restraint be substantial. Compare N.J.S.A. 2C:13-3 which requires substantial interference with the victim's liberty. To establish false imprisonment the state must prove three elements beyond a reasonable doubt: (1) defendant forcibly restrained the victim against her will; (2) defendant had no lawful authority; and (3) defendant acted for any purpose other than the purposes set forth in the kidnapping statute. Fla. Std. Jury Instr. (Crim.) From the evidence introduced in this case the jury could conclude that appellant detained the victim against her will in order to prolong his contact for the purpose of soliciting sexual favors. Because she had to use some force to remove her hand from his grasp, the jury could conclude that the defendant used some amount of force to restrain her. That is sufficient to establish forcible restraint. Cf. McCloud v. State, 335 So.2d 257 (Fla. 1976); S.W. v. State, 513 So.2d 1088 (Fla. 3d DCA 1987); Santiago v. State, 497 So.2d 975 (Fla. 4th DCA 1986) (when a thief uses any degree of force to obtain possession of the property, the taking is a robbery).
The essence of false imprisonment is the act of depriving the victim of personal liberty or freedom of movement for any length of time. In this case, the victim was briefly deprived of her ability to leave. For this reason, there was sufficient evidence to submit the case to the jury. See State v. Horton, 442 So.2d 408 (Fla. 2d DCA 1983) (disputed facts on whether restraint or confinement occurred should have been presented to the jury); Jane v. State, 362 So.2d 1005 (Fla. 4th DCA 1978) (holding victim in a bear hug was sufficient evidence of false imprisonment).
On the issue of intent, there are conflicting interpretations of section 787.02(1)(a), Florida Statutes (1989). The Fourth District Court of Appeal in Rauso v. State, 425 So.2d 618, 620 (Fla. 4th DCA 1983), stated in dicta that "an intent (other than section 787.01(a) motives) must be alleged in the accusatory pleading and proven at trial beyond a reasonable doubt in order to convict a person of false imprisonment." The Second District Court of Appeal in State v. Graham, 468 So.2d 270 (Fla. 2d DCA 1985), rev. denied, 475 So.2d 694 (Fla. 1985), and State v. Brown, 466 So.2d 1223 (Fla. 2d DCA 1985), rev. denied, 475 So.2d 693 (Fla. 1985), held that the false imprisonment statute is a general intent statute, and, therefore, it is not necessary to allege a specific intent or purpose. Although they did not comment directly on this issue, the Florida Supreme Court found that the false imprisonment statute required only general intent and held that it was a necessarily lesser included offense of kidnapping, which requires a specific intent. State v. Sanborn, 533 So.2d 1169, 1170 (Fla. 1988). Specific intent crimes require some special mental element over and above the mental state required for the criminal act itself. State v. Medlin, 273 So.2d 394, 396 (Fla. 1973); State v. Oxx, 417 So.2d 287, 289 (Fla. 5th DCA 1982). Because the false imprisonment statute is a general intent statute, we hold it is not necessary for the state to allege or prove a specific intent or purpose to establish the offense of false imprisonment.
*921 The judgments and sentences are AFFIRMED.
HARRIS and PETERSON, JJ., concur.