HARRIS, Judge.
At the conclusion of Acosta’s trial, the case was submitted to the jury on charges of false imprisonment and two counts of battery. At Acosta’s request, the judge instructed on attempted false imprisonment as a lesser included offense of false imprisonment. Acosta was convicted of attempted false imprisonment and the battery charges. He now contends that the court erred in giving the attempted false imprisonment charge as a lesser. Since Acosta requested the charge and since the evidence supported the elements of the charge, Acosta cannot now complain.[1] See State v. Espinosa, 686 So.2d 1345 (Fla.1996).
Acosta also complains that the court failed to change the standard jury instruction on false imprisonment to specifically reflect that malicious intent is an element of the offense. This court held in Proko v. State, 566 So.2d 918 (Fla. 5th DCA 1990), that false imprisonment is a general intent crime. We find the standard jury instruction to be sufficient in this case.
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.

. It is Acosta’s position that since both false imprisonment and attempted false imprisonment carry the same penalty, neither is the lesser of the other. See State v. Wimberly, 498 So.2d 929 (Fla.1986).