[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 26, 2008
THOMAS K. KAHN
CLERK

No. 07-13203
Non-Argument Calendar

_____

D. C. Docket No. 06-00064-CR-OC-10GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FLORES-NAVARRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 26, 2008)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Jose Flores-Navarro appeals his 57-month sentence

imposed for unlawful re-entry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). After review, we affirm.

## I. BACKGROUND

In June 2003, Flores-Navarro, a native and citizen of Mexico, was deported after he pled guilty in Florida state court to burglary, false imprisonment, battery and violation of pretrial release. On August 29, 2006, Flores-Navarro was found in the United States when he was arrested by the Marion County Sheriff's office for driving on a suspended license. On January 18, 2007, Flores-Navarro pled guilty to being found in Marion County, Florida after having been deported from the United States to Mexico and without first obtaining consent to re-enter the United States.

The presentence investigation report ("PSI") assigned Flores-Navarro a base offense level of 8 under U.S.S.G. § 2L1.2(a). The PSI recommended imposing a 16-level increase, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because Flores-Navarro had been convicted in May 2003 in Florida state court of false imprisonment, which the probation officer determined to be a "crime of violence."

At sentencing, Flores-Navarro objected to the 16-level enhancement on the ground that his false imprisonment conviction did not constitute a crime of violence because it could be committed without the use or attempted or threatened

2

use of physical force.  In response, the government introduced the Florida state court information and judgment.

The state court information charged Flores-Navarro with four counts, all arising out of Flores-Navarro's interaction with the same domestic violence victim, Michellee Baffi, on the same day and location.  The first count charged Flores-Navarro with burglary.  Specifically, the information charged that, on October 14, 2002, Flores-Navarro, without invitation or license, entered or remained in a structure not open to the public, namely the occupied dwelling of Michellee Baffi at 38946 Patti Lane in Dade City, in Pasco County, Florida, in violation of Florida Statute § 810.02(3), a second degree felony.

The second count charged Flores-Navarro with false imprisonment.  The information charged that, on October 14, 2002 in Pasco County, Florida, Flores-Navarro "did without lawful authority forcibly, by threat, or secretly confine, abduct, imprison or restrain another person, to-wit: Michellee Baffi, against her will," in violation of Florida Statute § 787.02(2), a third degree felony.

The third count charged Flores-Navarro with battery.  The information charged that, on October 14, 2002 in Pasco County, Florida, Flores-Navarro "did actually and intentionally touch or strike Michellee Baffi against the will of Michellee Baffi; or did intentionally cause bodily harm to Michellee Baffi," in

3

violation of Florida Statute § 784.03, a first degree misdemeanor.

Finally, the fourth count charged Flores-Navarro with, on October 14, 2002 in Pasco County, Florida, violating a condition of pretrial release, "where the original arrest was for an act of domestic violence, to-wit: having contact with the victim and committing new criminal offenses against her," in violation of Florida Statute § 741.29(6).

The Florida state court judgment indicated that Flores-Navarro pled guilty to the false imprisonment, battery and violation of pretrial release offenses as charged. However, Flores-Navarro's burglary charge was reduced to a third degree felony under Florida Statute § 810.02. A third degree burglary under § 810.02 is similar to a second degree burglary, except that the structure or conveyance entered or remained in is unoccupied. See Fla. Stat. § 810.02(4)(a)-(b). The Florida state court imposed a nine-month sentence.

After reviewing Florida's false imprisonment statute and the state court information and judgment, the district court overruled Flores-Navarro's objection to the crime-of-violence enhancement. The district court concluded that Flores-Navarro's Florida false imprisonment conviction was a crime of violence justifying the 16-level enhancement. The district court stated, "[I]t seems to me in this case that the nature of the charging document and the defendant's plea of guilty to all

4

four of those offenses necessarily leads to the conclusion that there was a degree of force used as the means of commission of the offense alleged in Count Two, namely, the false imprisonment offense . . . ."

The district court calculated a total offense level of 21 and a criminal history category of IV, which resulted in an advisory guidelines range of 57 to 71 months' imprisonment. The district court imposed a 57-month sentence. Flores-Navarro filed this appeal.

## II. DISCUSSION

On appeal, Flores-Navarro argues that the district court erred in determining that his Florida false imprisonment conviction was a crime of violence, thus triggering a 16-level enhancement under § 2L1.2(b)(1)(A)(ii).[1]

Section § 2L1.2 provides for a 16-level enhancement of a defendant's offense level if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The application notes define "crime of violence" as, inter alia, "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

---

[1]"We review a district court's determination that a prior conviction qualifies as a 'crime of violence' de novo." United States v. Wilson, 392 F.3d 1243, 1245 (11th Cir. 2004).

"Generally, in determining whether a prior conviction is a qualifying offense for enhancement purposes, we apply a 'categorical' approach–that is, we look no further than the fact of conviction and the statutory definition of the prior offense." United States v. Llanos-Agostadero, 486 F.3d 1194, 1196-97 (11th Cir. 2007) (citing Taylor v. United States, 495 U.S. 575, 600-02, 110 S. Ct. 2143, 2159-60 (1990)).  However, where the judgment of conviction and the statute are ambiguous and the district court cannot determine whether the prior conviction qualifies, the district court may look to the facts underlying the state conviction to determine whether it qualifies.  Id. at 1197.  In so doing, the district court is generally limited to "relying only on the 'charging document[s], written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  Id. (quoting in part United States v. Aguilar-Ortiz, 450 F.3d 1271, 1273 (11th Cir. 2006)); see also Shepard v. United States, 544 U.S. 13, 19-26, 125 S. Ct. 1254, 1259-63 (2005).

We conclude that Flores-Navarro's conviction and Florida's false imprisonment statute are ambiguous.  Florida Statute § 787.02(2) makes it a third degree felony to falsely imprison someone.  Fla. Stat. § 787.02(2).  "False imprisonment" is defined as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her

6

or his will." Fla. Stat. § 787.02(1)(a).

We recognize that the definition of false imprisonment includes imprisonment effectuated secretly. However, secretly modifies "confining, abducting, imprisoning or restraining another person against her or his will." Thus, the government argues that Florida's false imprisonment statute necessarily includes as an essential element the use, attempted use or threatened use of force and is categorically a crime of violence. We need not resolve that issue because we can also look to the information contained in the charging document and judgment examined by the district court.

Count Two of Flores-Navarro's information charged him with third degree false imprisonment in violation of § 787.02(2). The count tracked the language of the statute, charging that Flores-Navarro "did without lawful authority forcibly, by threat, or secretly confine, abduct, imprison or restrain" Michellee Baffi against her will. However, in addition to the false imprisonment count, the charging document contains three other charges, namely charges of burglary, battery and violation of a condition of pretrial release. These three charges occurred on the same day, October 14, 2002, and the same location, Pasco County, Florida, as the false imprisonment charge and related to the same domestic violence victim, Michellee Baffi. When the battery, false imprisonment and pretrial release charges

are read together it is clear that when Flores-Navarro falsely imprisoned Michellee Baffi on October 14, 2002 in Pasco County, he also committed a battery against her and violated a pretrial order requiring him not to have contact with her, which stemmed from an earlier arrest for domestic violence against her.

We agree with the district court that when all four charges in the information are read together it is clear that Flores-Navarro's guilty plea to false imprisonment had "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Accordingly, the district court did not err in concluding that Flores-Navarro's false imprisonment conviction was a crime of violence justifying the 16-level increase in § 2L1.2(b)(1)(A).[2]

**AFFIRMED.**

---

[2]Nothing herein should be construed as holding that a Florida false imprisonment conviction is always a crime of violence. All we say is that under the charging documents and guilty plea in this particular case, the district court did not err in applying the § 2L1.2(b)(1)(A) enhancement.