[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10760

_____

D.C. Docket No.9:11-cr-80160-KLR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAIME ZAVALA-MUNOZ,
a.k.a. Jesus Valentin Leal,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 2, 2013)

Before CARNES and COX, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

I.

_____

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

Jaime Zavala-Munoz pleaded guilty to one count of illegally re-entering the United States after having been deported in violation of 8 U.S.C. § 1326(a) and (b)(1). The Presentence Investigation Report calculated a base offense level of 8 under United States Sentencing Guidelines § 2L1.2 (Nov. 2011).[1] The PSR then applied a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Zavala-Munoz was previously deported after having been convicted of a felony that is a "crime of violence"—false imprisonment in violation of Florida law.[2] The application of that enhancement resulted in an offense level of 24. After applying a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, the PSR calculated an adjusted offense level of 21. Combined with Zavala-Munoz's criminal history category of II, the PSR calculated a guidelines range of 41 to 51 months imprisonment. The district court sentenced Zavala-Munoz within that guidelines range to 46 months imprisonment followed by 3 years of supervised release.

Zavala-Munoz did not argue at sentencing that the 16-level enhancement of U.S.S.G. § 2L1.2(b)(1)(A)(ii) should not apply. On appeal, however, he contends

---

[1] The defendant did not file any objections to the Presentence Investigation Report and conceded at the sentencing hearing that the guidelines calculations in the report were "correct."

[2] Under Florida law, false imprisonment is a third-degree felony. Fla. Stat. § 787.02 (2000). A defendant commits false imprisonment if he "forcibly, by threat, or secretly confin[es], abduct[s], imprison[s], or restrain[s] another person without lawful authority and against her or his will." Id.

2

that the district court erred by applying that enhancement because his prior conviction for false imprisonment was not a conviction for a "crime of violence."

Because Zavala-Munoz challenges the applicability of U.S.S.G. § 2L1.2(b)(1)(A)(ii) for the first time on appeal, we review only for plain error. United States v. Pantle, 637 F.3d 1172, 1174 (11th Cir. 2011); United States v. Gonzalez, 550 F.3d 1319, 1322 (11th Cir. 2008).  Under that standard of review before we will reverse, "[t]here must be an 'error' that is 'plain' and that 'affects substantial rights.'"  United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776 (1993) (brackets omitted).

## II.

U.S.S.G. § 2L1.2(b)(1)(A)(ii) requires the district court to apply a 16-level enhancement if a defendant being sentenced for illegally re-entering the United States:  (1) was previously deported after a conviction for a felony that is a "crime of violence;" and  (2) he receives criminal history points for that conviction.  The application notes for that subsection list several crimes that are categorically "crimes of violence."[3]  See U.S.S.G. § 2L1.2 cmt. 1(B)(iii).  False imprisonment is not one of them.  See id.  However, a "crime of violence" also includes "any other offense under federal, state, or local law that has as an element the use, attempted

---

[3] "Commentary and Application Notes of the Sentencing Guidelines are binding . . . unless they contradict the plain meaning of the text of the Guidelines."  United States v. Wilks, 464 F.3d 1240, 1245 (11th Cir. 2006) (quotation marks omitted)

3

use, or threatened use of physical force against the person of another." Id. Physical force means "force capable of causing physical pain or injury to another person." Johnson v. United States, — U.S. —, 130 S. Ct. 1265, 1271 (2010).[4]

Zavala-Munoz contends that under our decision in United States v. Rosales-Bruno, 676 F.3d 1017 (11th Cir. 2012), "the Florida offense of false imprisonment does not qualify as a 'crime of violence.'" Zavala-Munoz misreads Rosales-Bruno. In that case, we did not hold that false imprisonment in violation of Florida law is never a "crime of violence." Instead, we recognized that "false imprisonment under Florida law encompasses several distinct crimes, some of which qualify as crimes of violence and others of which do not." 676 F.3d at 1022.

To determine whether a particular conviction for false imprisonment is a conviction for a "crime of violence," we follow the "modified categorical approach." Id. at 1020. That approach looks beyond the statutory elements of the crime and considers "whether the particular conviction necessarily rested on a fact establishing the crime as a violent offense." Id. (quotation marks omitted). In making that determination, we can consider undisputed facts contained in the PSR. Id.; see also Rozier v. United States, — F.3d —, No. 11-13557, 2012 WL 5870123, at *11 (11th Cir. Nov. 21, 2012) ("[W]hen determining whether an

---

[4] Although Johnson was interpreting "physical force" within the context of the Armed Career Criminal Act, we have held that the definition of "physical force" stated by the Supreme Court in Johnson also applies in the context of U.S.S.G. § 2L1.2(b)(1)(A)(ii). See United States v. Rosales-Bruno, 676 F.3d 1017, 1021 (11th Cir. 2012).

offense is a . . . crime of violence. . .., a district court can rely on the facts set forth in the [PSR] if they are undisputed. . . .") (parentheses omitted).

Zavala-Munoz conceded at sentencing that the PSR was "correct." According to that report, the facts leading to his conviction for false imprisonment are as follows:

> On or about September 30, 2000, officers responded to a residence in reference to a report of a kidnapping.  Officers met with [a woman], who stated that [Zavala-Munoz], her former boyfriend, grabbed her by the neck and took her daughter, [who was two years old at the time]. [The woman] said she went outside with her daughter whereupon she was confronted by [Zavala-Munoz], who grabbed her by the throat and tried to force her into his vehicle.  She resisted, and [Zavala-Munoz] grabbed [the woman's] daughter and drove away.  [Zavala-Munoz] is not the father [of] the child.
>
> . . .
>
> [The next day,] [o]fficers questioned [Zavala-Munoz], who . . . stated he took the child so [the woman] would leave the residence. . . . [Zavala-Munoz] admitted he did not have permission to take the child.

Thus, the undisputed facts are that Zavala-Munoz confronted a woman and grabbed her by the throat and attempted to force her into the car, and when she resisted, he grabbed the woman's child and forced her into the car and drove away. It is not "plain" — there is no binding precedent establishing — that Zavala-Munoz's commission of the false imprisonment crime did not involve "the use, attempted use, or threatened use of physical force," U.S.S.G. § 2L1.2 cmt. 1(B)(iii), that is, "force capable of causing physical pain or injury to another,"

5

<u>Johnson</u>, — U.S. —, 130 S.Ct. at 1271.  Therefore, even if the district court did err by applying the 16-level enhancement, an issue we need not decide, that error is not plain error.  <u>United States v. Frank</u>, 599 F.3d 1221, 1239 (11th Cir. 2010) ("[I]f the explicit language of the statute or rule does not specifically resolve the issue, and there is no precedent from this Court or the Supreme Court directly resolving it, there is no plain error.")  Accordingly, we affirm Zavala-Munoz's sentence.

**AFFIRMED.**[5]

---

[5] This appeal was originally scheduled for oral argument but was removed from the oral argument docket by unanimous consent of the panel under 11th Circuit Rule 34-3(f).