[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11587
Non-Argument Calendar

_____

D.C. Docket No. 9:11-cr-80180-KLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVAN ANTONIO FLORES,
a.k.a. Ivan Antonio Flores Huertas,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 11, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Ivan Antonio Flores appeals his 57-month sentence imposed after pleading

guilty to one count of illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Flores argues that the district court erred in enhancing his offense level by 16 levels because the government failed to prove that his prior California conviction for assault with a deadly weapon or force met the requirements of a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Moreover, the government did not prove when Flores was released from incarceration for his prior California assault conviction or when the instant offense commenced. Therefore, Flores asserts, the district court could not properly determine whether his prior conviction occurred within 15 years of the current offense, and whether it would warrant any criminal history points.

## I. Crime of Violence

We ordinarily review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Rosales-Bruno*, 676 F.3d 1017, 1020 (11th Cir. 2012). Where, however, the defendant fails to object in the district court, we review for plain error. *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006). Under plain error review, we, at our discretion, may correct an error where (1) an error occurred; (2) the error was plain; and (3) the error affects substantial rights. *Id.* When these factors

2

are met, we may exercise discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 832. Although Flores objected in the district court to the 16-level enhancement to his offense level, arguing that the aggravated assault did not occur within 15 years of his current offense, he did not object to the classification of his aggravated assault as a "crime of violence." *Id.* at 831. As such, plain error review applies.

Section 2L1.2(b)(1)(A) of the Sentencing Guidelines provides for a 16-level increase in the offense level if a defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). "Crime of violence" is defined to include the federal, state, or local offense of "aggravated assault . . . or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 2L1.2 cmt. n.1(B)(iii).

We take a categorical approach to determine if a prior crime is a crime of violence under the Guidelines, looking only at the fact of conviction and the statutory definition of the prior crime. *United States v. Palomino Garcia*, 606 F.3d 1317, 1328 (11th Cir. 2010). The label a state attaches to an offense is not conclusive of whether a prior conviction qualifies as an enumerated offense under

3

§ 2L1.2, and we must determine if the prior crime is equivalent to the generic definition of the listed crime of violence. *Id.* at 1331. In *Palomino Garcia*, we held that the generic offense of "aggravated assault" under § 2L1.2 "involves a criminal assault accompanied by the aggravating factors of either the intent to cause serious bodily injury to the victim or the use of a deadly weapon." *Id.* at 1332.

The California Penal Code defines the crime of "[a]ssault with deadly weapon or force likely to produce great bodily injury" in relevant part as follows: "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm" or "[a]ny person who commits an assault upon the person of another by any means of force likely to produce great bodily injury." Cal. Penal Code § 245(a)(1) and (4). "Assault" is defined as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." *Id.* § 240.

The district court did not plainly err in enhancing Flores's offense level by 16 levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because Flores was previously convicted of assault with a deadly weapon in California, which is a crime of violence. Section 245 requires either the use of a deadly weapon or force likely to produce great bodily injury. Cal. Penal Code § 245(a)(1), (4), and (c). As such,

4

the offense would qualify as the general offense of "aggravated assault" under

§ 2L1.2 because it involves "a criminal assault accompanied by the aggravating

factors of either the intent to cause serious bodily injury to the victim or the use of

a deadly weapon." *Palomino Garcia*, 606 F.3d at 1328.

## II. Date of Incarceration and Current Offense

We review a district court's interpretation of the Guidelines *de novo*, but

accept the district court's factual findings unless they are clearly erroneous.

*United States v. Scott*, 447 F.3d 1365, 1368 (11th Cir. 2006).  "A fact admitted to

during a guilty plea cannot later be contested when it appears in the defendant's

PSI."  *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009).  Further, if

a defendant fails to object to factual allegations contained in the PSI, he admits

those facts for consideration during sentencing.  *United States v. Wade*, 458 F.3d

1273, 1277 (11th Cir. 2006).  A challenge to the PSI "must assert with specificity

and clarity each factual mistake of which defendant complains."  *United States v.*

*Aleman*, 832 F.2d 142, 145 (11th Cir. 1987).

The Sentencing Guidelines provide that a defendant should be assessed

three criminal history points "for each prior sentence of imprisonment exceeding

one year and one month."  U.S.S.G. § 4A1.1(a).  Such a sentence must have been

imposed "within fifteen years of the defendant's commencement of the instant

5

offense" to be counted.  *Id.* § 4A1.2(e)(1).  We have held that, under 8 U.S.C. § 1326, "the crime of being found in the United States commences when the alien enters the United States and is not completed until the defendant's arrest."  *Scott*, 447 F.3d at 1368 (citation and internal quotations omitted).

The district court did not err by assessing Flores 3 criminal history points for his 1993 assault conviction because the conviction occurred within 15 years of the commencement of the present offense.  Flores admitted at his change of plea hearing that he illegally reentered the United States in 1996, at which time the present offense commenced.  *See id.*

Upon review of the record and consideration of the parties' briefs, we affirm Flores's sentence.

AFFIRMED.