[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11555
Non-Argument Calendar
_____

D.C Docket No. 9:13-cr-80208-KLR-1

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

TAIWAN LENARD DRIVER,
a.k.a. "Taiwan Martin",

                                        Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 27, 2017)

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before WILSON, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

    Defendant pled guilty to possessing a firearm as a convicted felon, in

violation of 18 U.S.C. § 922(g)(1).  Based on his prior Florida convictions for false

imprisonment, manslaughter, and possession of cocaine with intent to sell, Defendant was sentenced under the Armed Career Criminal Act ("ACCA") to serve 180 months in prison. On appeal, Defendant argues that he should not have been sentenced under the ACCA because neither his false imprisonment nor his manslaughter conviction is a valid ACCA predicate. We agree that, following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the ACCA enhancement is no longer applicable to Defendant. Accordingly, we vacate Defendant's sentence and remand for sentencing consistent with this opinion.

## BACKGROUND

Defendant pled guilty in January 2014 to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The pre-sentence report ("PSR") recommended that Defendant's sentence be enhanced under the ACCA based on his prior Florida convictions for: (1) false imprisonment in violation of Florida Statute § 787.02, (2) manslaughter with a firearm in violation of Florida Statute § 782.07(1), and (3) possession of cocaine with intent to sell. Based on the recommendation in the PSR, the district court applied the ACCA enhancement and sentenced Defendant to 180 months in prison.

Defendant appealed the sentence. Subsequently, Defendant's prior appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 745 (1967) and moved to withdraw from representing Defendant. Defendant submitted a *pro se*

2

response to the *Anders* brief, in which he argued that he did not have three qualifying predicate convictions as required to support a sentence enhancement under the ACCA.  Specifically, Defendant argued that his Florida false imprisonment and manslaughter convictions did not qualify as "violent felonies" under the ACCA.  Based on then-governing case law, we granted prior appellate counsel's motion to withdraw pursuant to *Anders* and affirmed Defendant's conviction and sentence.

Thereafter, Defendant filed a petition for writ of certiorari in the United States Supreme Court.  The Supreme Court granted the petition, vacated this Court's decision, and remanded the case for further consideration in light of its intervening decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidating the ACCA's residual clause as unconstitutionally vague.  *Driver v. United States*, 135 S. Ct. 2943 (2015).  On remand, this Court appointed the Federal Public Defender to represent Defendant and ordered supplemental briefing as to how the Supreme Court's decision in *Johnson* impacted this appeal.  The Court directed the parties to address in their supplemental briefing whether (1) Defendant's false imprisonment and manslaughter convictions qualified as predicates under the ACCA's "elements clause" and (2) plain error or another standard of review applied to the district court's application of the ACCA enhancement under the circumstances.

The parties responded to the Court's order with a joint letter brief indicating that they agreed the ACCA enhancement did not apply to Defendant following *Johnson* and requesting that Defendant's case be remanded to the district court for resentencing. However, the letter brief did not answer the questions posed to the parties and did not contain any argument or analysis as to why *Johnson* precluded the application of the ACCA. Thus, after reviewing the letter brief, the Court issued a second order requesting briefing on these issues. The Court noted in its second order that false imprisonment and manslaughter do not fall with the ACCA's list of enumerated violent felonies under the ACCA and, as a result of *Johnson*, cannot qualify as violent felonies under the ACCA's residual clause, but that they might nevertheless qualify as violent felonies under the elements clause if they are defined to include the use of physical force as a necessary element.

The parties now have filed a second joint letter brief in which they again argue that Defendant is not subject to an ACCA-enhanced sentence because, in light of *Johnson*, neither Defendant's false imprisonment nor his manslaughter conviction qualifies as a violent felony under the ACCA.

## DISCUSSION

### I.    Standard of Review

The parties agree that we review Defendant's newly raised *Johnson*-based challenge to his ACCA sentence for plain error. *See United States v. Moriarty*, 429

4

F.3d 1012, 1018 (11th Cir. 2005) (stating that we review constitutional objections "not raised before the district court only for plain error"). For an error to be plain, it must be "contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (internal quotation marks omitted). Assuming there is plain error, we have discretion to correct the error if it implicates the defendant's "substantial rights" and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Jones*, 743 F.3d 826, 829 (11th Cir. 2014) (internal quotation marks omitted).

## II.    The ACCA

A defendant who has been convicted of being a felon in possession of a firearm and who has at least three prior convictions for a "violent felony" or a "serious drug offense" is subject to a sentencing enhancement under the ACCA. 18 U.S.C. § 924(e)(1). Defendant concedes that he has one prior conviction that qualifies as a "serious drug offense." The determinative question for this appeal is whether Defendant's convictions for false imprisonment and manslaughter in violation of Florida Statute §§ 787.02 and 782.07(1) qualify as "violent felonies" under the ACCA. Both convictions must qualify in order for Defendant to have the three predicates necessary to support an ACCA-enhanced sentence.

5

The ACCA defines "violent felony" to include any crime punishable by imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B).  The first prong is known as the "elements" clause.  *United States v. Seabrooks*, 839 F.3d 1326 (11th Cir. 2016).  The second prong contains an "enumerated crimes" clause and a "residual clause."  *Id.*  Neither false imprisonment nor manslaughter fall within the enumerated crimes clause and, as indicated above, the residual clause is no longer valid as a result of the Supreme Court's decision in *Johnson.  See Johnson*, 135 S. Ct. at 2563 (concluding that the ACCA's residual clause is unconstitutionally vague).  Thus, Defendant is only subject to an ACCA enhancement if false imprisonment and manslaughter, as those crimes are defined by Florida Statute §§ 787.02 and 782.07(1), have as an element "the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B).

We generally use a categorical approach to determine whether a state conviction qualifies as an ACCA predicate.  *United States v. White*, 837 F.3d 1225, 1229 (11th Cir. 2016).  "Under this approach, we are concerned only with the fact of the conviction and the statutory definition of the offense, rather than with the

particular facts of the defendant's crime." *Id.* When a divisible statute[1] covers some conduct that falls within, and other conduct that is broader than, a predicate offense as defined by the ACCA, we may use a modified categorical approach to determine whether a defendant's prior conviction qualifies. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (clarifying that a statute enumerating "various factual means of committing a single element" is not divisible). Under the modified categorical approach, we look to a limited class of documents—known as *Shepard* documents and including reliable materials such as indictments and jury instructions—to determine which alternative element was the basis of the defendant's conviction and whether that element is encompassed by the ACCA predicate offense. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

## III. Defendant's False Imprisonment Conviction

First applying the categorical approach, we agree with the parties that a conviction for false imprisonment under Florida Statute § 787.02 does not categorically satisfy the ACCA's elements clause. The statute defines "false imprisonment" to mean "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will." Fla. Stat. § 787.02(1)(a). In *United States v. Rosales-Bruno*, 676 F.3d 1017 (11th Cir. 2012), we held that this language does not necessarily require the

---

[1] A divisible statute "sets out one or more elements of the offense in the alternative." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

"use, attempted use, or threatened use of physical force" to support a conviction. *Rosales-Bruno*, 676 F.3d at 1020–22.  As we explained in *Rosales-Bruno*, the statute's "secretly confining" language and the interpreting Florida case law make it clear that § 787.02 can be violated "without employing the type of 'physical force' contemplated" by the elements clause.  *Id.* at 1022.  *Rosales-Bruno* analyzed the Florida false imprisonment statute in the context of the elements clause of the Sentencing Guidelines, but the same rationale applies to the identically-worded elements clause of the ACCA.  *See United States v. Romo-Villalobos*, 674 F.3d 1246, 1248 (11th Cir. 2012) (noting that the elements clause of the Guidelines "is the same as the elements clause of the . . . ACCA").

We further agree with the parties that the modified categorical approach cannot be applied in this particular case because the Government failed to enter any *Shepard* documents into evidence at Defendant's sentencing.  The parties dispute whether § 787.02 is divisible, and thus whether use of the modified approach would ever be appropriate when analyzing a conviction under the statute for ACCA purposes.  We need not—and do not—resolve that dispute because, even assuming that § 787.02 is divisible and that some convictions under the statute might qualify as ACCA predicates under the modified categorical approach, there are no *Shepard* documents in the record that would enable us to apply the approach to the particular false imprisonment conviction at issue in this case.

8

## IV.    Plain Error

As noted, we held in *Rosales-Bruno* that the crime of false imprisonment as defined by Florida Statute § 787.02 does not categorically satisfy the elements clause.  *See Rosales-Bruno*, 676 F.3d at 1020–22.  The Government did not produce any *Shepard* documents that would have enabled the district court to conclude that Defendant's conviction under § 787.02 satisfied the elements clause under the modified categorical approach, and false imprisonment does not fall within the ACCA's "enumerated crimes" clause.  Presumably, then, the district court relied upon the residual clause to conclude that Defendant's false imprisonment conviction qualified as a "violent felony" under the ACCA.  *See United States v. Schneider*, 681 F.3d 1273, 1282 (11th Cir. 2012) (concluding, prior to *Johnson*, that Florida false imprisonment qualifies as a violent felony under the ACCA's residual clause because it "produces a serious potential risk of physical injury to another") (internal quotation marks omitted).  In light of the Supreme Court's decision in *Johnson*, that was plain error.  *See Jones*, 743 F.3d at 829–30 ("an intervening decision by . . . the Supreme Court squarely on point may make an error plain") (internal quotation marks omitted).  And because Defendant now lacks the three predicate convictions necessary to support an ACCA

9

sentencing enhancement, the error warrants correction.[2] *Id.* at 830 (vacating and remanding for resentencing where the defendant did not have the "three qualifying convictions necessary" for the ACCA sentencing enhancement he received as a result of an intervening Supreme Court decisions).

## **CONCLUSION**

For the reasons discussed above, we **VACATE** Defendant's sentence and **REMAND** the case for resentencing consistent with this opinion.

---

[2] Because our ruling as to the false imprisonment conviction resolves this appeal, we do not consider Defendant's alternative argument that his manslaughter conviction also does not qualify as a "violent felony" under the elements clause.

10