[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12754
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20895-DMM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEMON DOMINIQUE THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 5, 2021)

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Kemon Thompson appeals both his conviction, pursuant to a guilty plea, and 96-month sentence for brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1]

I.

On appeal, Thompson first argues that his conviction for brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), is invalid and must be dismissed because the predicate offense upon which that conviction was based—Hobbs Act robbery—does not qualify as a "crime of violence" under the elements clause or residual clause of 18 U.S.C. § 924(c)(3).

A.

We review de novo whether a crime constitutes a "crime of violence" under 18 U.S.C. § 924(c). *Steiner v. United States*, 940 F.3d 1282, 1288 (11th Cir. 2019) (per curiam).

Under 18 U.S.C. § 924(c)(1)(A), it is a violation to brandish a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1)(A)(ii). The statute defines "crime of violence" in two subparts—the first is known as the elements

---

[1] Thomas also appeals the district court's determination that his prior nolo contendere plea to possession with intent to sell marijuana, with adjudication withheld, constituted a "conviction" for the purposes of applying the career offender sentencing enhancement under U.S.S.G. § 4B1.1(a). Because we find the district court's application of the career offender sentencing enhancement was in error and Thompson's sentence should be vacated, we need not address this issue.

clause, and the second is known as the residual clause. *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). For the purposes of § 924(c)(3), a crime of violence is "an offense that is a felony" and either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

While the Supreme Court invalidated 18 U.S.C. § 924(c)(3)'s residual clause in *Davis* for being unconstitutionally vague, it left intact § 924(c)(3)'s elements clause. *Davis*, 139 S. Ct. at 2335–36; *see Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019). Under our precedent, Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)'s elements clause. *In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016) (per curiam); *see United States v. St. Hubert*, 909 F.3d 335, 345–46 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019), *and abrogated in part on other grounds by Davis*, 139 S. Ct. at 2323–25, 2336 (2019) (holding that Hobbs Act robbery categorically satisfies 18 U.S.C § 924(c)'s definition of a "crime of violence").

## B.

Here, Thompson's conviction for brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), was predicated

upon two Hobbs Act robbery offenses.  These constitute "crimes of violence" under our precedent.  *See In re Fleur*, 924 F.3d at 1340–41.  "We are bound by prior panel decisions unless or until we overrule them while sitting *en banc*, or they are overruled by the Supreme Court."  *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011).  Accordingly, we affirm Thompson's conviction.

## II.

Thompson also challenges his 96-month sentence, arguing that Hobbs Act robbery does not qualify as a "crime of violence," under the definition provided in U.S.S.G. § 4B1.2(a), for the purposes of being designated a career offender.  Thompson argues that our intervening decision in *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020), means that the district court's determination that he qualified for career offender status constitutes plain error and should be reversed.

## *A.*

We review de novo whether a defendant's prior conviction qualifies as a "crime of violence" under U.S.S.G § 4B1.2(a).  *See United States v. Rosales-Bruno*, 676 F.3d 1017, 1020 (11th Cir. 2012).  However, when a defendant fails to object to an error before the district court, we review the argument for plain error.  *United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002).  Under this standard, the appellant must prove: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness or integrity of the

4

judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993). "In most cases, a determination of whether error affects a substantial right turns upon whether it affected the outcome of the proceedings." *Hall*, 314 F.3d at 566.

"[W]hether a legal question was settled or unsettled at the time of trial, it is enough that an error be 'plain' at the time of appellate consideration for the second part of the four-part *Olano* test to be satisfied." *Henderson v. United States*, 568 U.S. 266, 279 (2013) (internal quotation marks omitted and alterations accepted). An incorrect calculation of a Sentencing Guideline affects a defendant's substantial rights. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1349 (2016) (finding that a defendant seeking appellate review of an unpreserved Sentencing Guidelines error need not make any further showing of prejudice beyond the fact that an erroneous, and higher, Guidelines range was applied at sentencing). Furthermore, the failure to correct such a plain Guidelines error seriously affects "the fairness, integrity, and public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018).

Hobbs Act robbery does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2(a) and therefore cannot serve as a predicate offense for a career offender sentencing enhancement. *Eason*, 953 F.3d at 1195. The Guideline sentence for a conviction based on a violation of 18 U.S.C. § 924(c), when the defendant does not qualify as a career offender under U.S.S.G. § 4B1.1, is the minimum term of

5

imprisonment required by statute. *See* U.S.S.G. § 2K2.4. A conviction pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) carries a minimum term of imprisonment of 84 months.

*B.*

Here, the district court's determination that Hobbs Act robbery is a crime of violence for purposes of the career offender sentencing enhancement under U.S.S.G. § 4B1.1 was plain error. While Thompson's case was on appeal, we held that Hobbs Act robbery does not constitute a crime of violence under the Sentencing Guidelines. *See Eason*, 953 F.3d at 1188–89, 1195. Thus, Thompson has demonstrated that the error is plain. *See Henderson*, 568 U.S. at 279. This erroneous application of the career offender sentencing enhancement resulted in an incorrect, and higher, Guidelines range being applied at Thompson's sentencing—a Guidelines range of 262 to 327 months' imprisonment as opposed to the correct 84 months' imprisonment. Thus, the error affected Thompson's substantial rights and the fairness, integrity, and public reputation of the judicial proceedings. *See Rosales-Mireles*, 138 S. Ct. at 1909–1911.

Having satisfied the elements for plain error review under *Olano*, we vacate Thompson's sentence and remand for resentencing without the career offender Guideline enhancement under U.S.S.G. § 4B1.1.

**AFFIRMED IN PART, VACATED IN PART, REMANDED.**