BY THE PANEL:
William Hunt seeks to file a second or successive 28 U.S.C. § 2255 motion based on Johnson v. United States.[1] In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. Hunt claims that his 18 U.S.C. § 924(c) conviction for using a firearm during a crime of violence is invalid under Johnson because it arose under that section’s residual clause, which is similar to the ACCA’s residual clause. Specifically, he argues that his conviction is based on an offense — armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) — that qualifies as a crime of violence via § 924(c)’s residual clause. Hunt also asserts that his advisory United States Sentencing Guidelines (Guidelines) sentence violates Johnson because it was enhanced pursuant to the residual clause in the career offender provision of the Guidelines — a clause that is also similar to the ACCA’s residual clause. However, at this time, In re Hines[2] forecloses Hunt’s § 924(c) claim, and United States v. Matchett[3] forecloses his Guidelines-based claim.
Hines narrowly held that an armed bank robbery, in violation of § 2113(a) and (d), qualifies as a crime of violence under § 924(c)’s elements clause — as opposed to residual clause — if the record makes clear that the applicant “by force, violence and intimidation, did take from the person or presence of [a bank employee] monies belonging] to a federally-insured bank and that in doing so, ... assault[ed] and put in jeopardy the life of [others] by use of a dangerous weapon.” See Hines, 824 F.3d at 1337 (internal quotations marks omitted and alteration adopted). Here, the record demonstrates that Hunt’s § 2113(a) and (d) armed bank robbery conviction involved these various elements. Therefore, under Hines, the conviction is an elements-clause offense and does not implicate § 924(c)’s residual clause or Johnson.[4]
*1278 Turning to Hunt’s Guidelines-based claim, Matchett precludes the application of Johnson to an advisory Guidelines sentence like Hunt’s. Matchett determined that the void-for-vagueness doctrine does not apply to advisory Guidelines and therefore Johnson cannot invalidate a post-Booker[5] Guidelines sentence. See Matchett, 802 F.3d at 1193-96. At the same time, we note that the Supreme Court recently granted certiorari in Beckles v. United States, 616 Fed.Appx. 415 (11th Cir. 2015), cert. granted, No. 15-8544 (U.S. June 27, 2016), which raises the question of whether Johnson applies to the Guidelines. Should Beckles abrogate our decision in Matchett, Hunt may be able to file a § 2255 petition based on Johnson.
Accordingly, Hunt’s application is denied without prejudice, with leave to file another application after the Supreme Court’s decision in Beckles.
APPLICATION DENIED.

. 576 U.S.-, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

. 824 F.3d 1334, No. 16-12454, 2016 WL 3189822 (11th Cir. June 8, 2016).

. 802 F.3d 1185 (11th Cir. 2015).

. Hines is an order that denied an application like Hunt’s. That means Hines, like thousands of cases post -Johnson, was decided without briefing, without the benefit of a complete record, and is not appealable. See In re McCall, 826 F.3d 1308, No. 16-12972, 2016 WL 3382006 (11th Cir. June 17, 2016) (Martin, J., concurring) (Orders like Hines "are typically based on nothing more than a form filled out by a prisoner, with no involvement from a lawyer."). Yet, Hines is binding precedent, and we follow it here. See In re Lambrix, 776 F.3d 789, 794 (11th Cir. 2015).

. United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).