*1131 WILSON, Circuit Judge,
joined by JILL PRYOR, Circuit Judge, dissenting from the denial of rehearing en banc:
It is a violation of due process for a court to rely on a criminal sentencing scheme “so vague that it fails to give ordinary people fair notice ... or so standard-less that it invites arbitrary enforcement.”[1] See Johnson v. United States, 576 U.S. —, —, 135 S.Ct. 2551, 2556-57, 192 L.Ed.2d 569 (2015). Post-Booker[2] the touchstone of appellate review of sentences is reasonableness — an inquiry that turns on a district court’s application of the United States Sentencing Guidelines (Guidelines). That is to say, Supreme Court precedent establishes an expectation that defendants will receive reasonable sentences, and we rely on the Guidelines to determine reasonableness. Because the Guidelines' drive appellate review under this sentencing scheme, fatally vague Guidelines provisions necessarily result in both “arbitrary enforcement by [courts]” and denial of “fair notice.” See id. at 2557. Therefore, vague Guidelines provisions violate the due process clause’s void-for-vagueness doctrine. The Matchett panel’s decision to the contrary is erroneous.
And importantly, given the “central,” “significant role” that the Guidelines play in sentencing, see Molina-Martinez v. United States, 578 U.S. —, —, 136 S.Ct. 1338, 1341-42, 194 L.Ed.2d 444 (2016), Matchett’s holding is unworkable. Appellate judges like myself must now review sentences that were imposed based on language that the Supreme Court has deemed “hopeless[ly] indetermina[te]”— the text of the residual clause in § 4bl.2(a) of the Guidelines. See Johnson, 135 S.Ct. at 2558.
For these reasons, as well as those set forth by Judge Martin and Judge Rosen-baum in their thoughtful dissents, our court should reconsider Matchett. Accordingly, I respectfully dissent from the denial of the request to rehear Matchett en banc.
I
Under our post-Booker sentencing regime, appellate courts must review all sentences for reasonableness, and the Guidelines direct each step of that review. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Consequently, “[t]he Sentencing Guidelines provide the framework for the tens of thousands of federal sentencing proceedings that occur each year.” See Molina-Martinez, 136 S.Ct. at 1342.
We are required to assess the reasonableness of a sentence in two steps. See Gall, 552 U.S. at 51, 128 S.Ct. at 597. We “must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range ... or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range.” Id, Next, we “consider the substantive reasonableness, of the sentence.” Id. In doing so, we “take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.” Id. Indeed, the Supreme Court has held that appellate courts may “apply a presumption of reasonableness” to a sentence within the *1132 Guidelines range, see Rita v. United States, 551 U.S. 338, 355, 127 S.Ct. 2456, 2467, 168 L.Ed.2d 203 (2007), and our court has concluded that a within-Guidelines-range sentence is ordinarily reasonable, see United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009).
A
Considering the “central role” of the Guidelines in this analysis, see Molina-Martinez, 136 S.Ct. at 1341, an impossibly vague Guidelines provision guarantees arbitrary enforcement of the law and denial of fair notice to the public as to what constitutes a reasonable sentence. For example, given that the first step of reasonableness review requires us to determine whether the district court properly calculated the defendant’s Guidelines range, arbitrary enforcement is a fait accompli when the defendant’s range is based on a vague provision. A defendant’s Guidelines range is dictated ' by which Guidelines provisions apply to the defendant. Hence, if the district court relied on a vague provision in calculating a defendant’s range, then we must interpret that provision to decide whether it actually applies to the defendant. A vague provision, however, provides no “generally applicable test” for determining its reach. See Johnson, 135 S.Ct. at 2559. Confronted with such a provision, we will be forced to rely on “guesswork and intuition,” see id. and our decisions regarding to which defendants it properly applies will be arbitrary. This means that our enforcement of the “reasonable sentence” requirement will be arbitrary. If two similar defendants simultaneously challenge a district court’s application of the provision to them, one defendant’s appeals panel could find her sentence unreasonable and vacate her sentence, while — by mere bad luck — the other defendant’s panel could affirm his sentence. Thus, despite the Guidelines being advisory, a vague Guidelines provision can give rise to arbitrary enforcement of the law and dictate the treatment of defendants.[3]
B
: Likewise, when a Guidelines provision is vague, it denies the public fail' notice of the consequences of breaking the law. Because defendants have a clearly established expectation that they will receive reasonable sentences and the Guidelines serve as the foundation of the reasonableness analysis, the Guidelines provide notice as to the scope of an acceptable federal sentence. The public must look to the Guidelines to discern the types of sentence that can reasonably be imposed on them. Therefore, Matched'S s rationale for holding that the void-for-vagueness doctrine does not apply to the Guidelines — that defendants cannot “look to the Guidelines for notice” — is unconvincing. See 802 F.3d at 1194 (quoting United States v. Tichenor, 683 F.3d 358, 365 (7th Cir. 2012), overruled by United States v. Hurlburt, 835 F.3d 715, Nos. 14-3611, 15-1686, 2016 WL 4506717 (7th Cir. August 29, 2016) (en banc)).
* * *
In sum, the Supreme Court has held that a sentencing scheme-that either “invites arbitrary enforcement” or denies “fair notice” is unconstitutional. See John *1133 son, 135 S.Ct. at 2556-57. As demonstrated here, a fatally vague Guidelines provision does both. For this.reason, vague Guidelines provisions must be treated no differently under the due process clause than vague criminal statutes. To hold otherwise ignores the reality of sentencing post-Booker. the Guidelines are enmeshed in our case law and we heavily depend on them to fulfill our judicial duties. See Molina-Martinez, 136 S.Ct. at 1346 (“[T]he Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar. The Guidelines inform and instruct the district court’s determination of an appropriate sentence.”).
II
Turning to the specific impact of Match-ett on bur appellate review process, the “hopeless indeterminacy” of the residual clause in § 4bl.2(a) makes our charge to review the reasonableness of sentences based on that clause all but impossible. See Johnson, 135 S.Ct. at 2558. As discussed above, our first step when reviewing a sentence is to determine whether the defendant’s Guidelines range was properly calculated. Accordingly, when faced with an appeal in which the district court found that the defendant qualified for a particular sentence under the residual clause, we must decide whether that frustratingly opaque clause applies to the defendant. As made clear in Johnson, this is a futile inquiry. See id. at 2560. In the face of such an unworkable task, appellate review of the defendant’s sentence is not only impracticable but also “does not comport with the Constitution’s guarantee of due process.” See id.
I respectfully dissent.

. I previously penned a concurrence in In re Hunt, 835 F.3d 1277, No. 16-14756, 2016 WL 3895246 (11th Cir, July 18, 2016) to explain why I believe United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015) was wrongly decided. This dissent repeats the concerns I expressed in that concurrence.

. United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

. In fact, the Supreme Court recently concluded that, "[i]n the usual case ... the systemic function of the selected Guidelines range will affect [a defendant’s] sentence.” Molina-Martinez, 136 S.Ct. at 1346. It follows that a vague provision — by causing appellate and district courts to arbitrarily determine Guidelines ranges — will have a “real and pervasive effect” on defendant outcomes, See id.