[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15624
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cr-80087-RLR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WARREN TRAVIS GOLDEN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 24, 2017)

Before JORDAN and JILL PRYOR, Circuit Judges, and PROCTOR,[*] District Judge.

PER CURIAM:

The issue in this appeal is whether a Florida conviction for aggravated assault, *see* Fla. Stat. § 784.021, constitutes a "crime of violence" under U.S.S.G. § 2K2.1(a)(2) cmt. n.1 (incorporating the definition of "crime of violence" from U.S.S.G. § 4B1.2). Mr. Golden contends that it does not, but his argument is foreclosed by our precedent. *See Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1337–38 & n.6 (11th Cir. 2013). Although *Turner* addressed the "elements" clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), that clause is identical to the elements clause of § 4B1.2(a)(1). *See United States v. Fritts*, 841 F.3d 937, 940 (11th Cir. 2016). As a result, *Turner* is binding.

Mr. Golden argues that *Turner* did not correctly apply *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010). And some members of our court have questioned the continuing validity of *Turner* in light of cases like *Descamps v. United States*, 133 S. Ct. 2276 (2013). *See In re Hunt*, 835 F.3d 1277, 1288 (11th Cir. 2016) (Jill Pryor, J., concurring, joined by Wilson and Rosenbaum, JJ.). But even if *Turner* is flawed, that does not give us, as a later panel, the authority to disregard it. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1303

---

[*] The Honorable R. David Proctor, United States District Judge for the Northern District of Alabama, sitting by designation.

2

(11th Cir. 2001) ("[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time.").

**AFFIRMED.**

JILL PRYOR, Circuit Judge, concurring in result:

I concur in the majority opinion because I agree that as a panel we remain bound to follow *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328 (11th Cir. 2013), which dictates that we uphold Mr. Golden's sentence enhancement based on his prior Florida conviction for aggravated assault.  I write separately to urge that the Court rehear this case en banc to revisit *Turner*.  Below, I explain why *Turner*'s holding was in tension with prior binding precedent and why, in light of intervening Supreme Court decisions, *Turner* should be overruled.

## I.     *Turner*'s Analysis Was Inconsistent with Then-Binding Circuit Precedent.

In *Turner*, this Court held that a conviction under Florida's aggravated assault statute qualifies categorically as a violent felony under the Armed Career Criminal Act ("ACCA") because the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i); *Turner*, 709 F.3d at 1341.[1]  *Turner*'s analysis categorizing Florida aggravated assault as a violent felony under ACCA's so-called "elements clause" was as follows:

---

[1] As the majority opinion recognizes, *Turner* binds us even though it concerned the definition of "violent felony" under ACCA, § 924(e), and Mr. Golden's appeal concerns the definition of "crime of violence" under the Sentencing Guidelines, U.S.S.G. § 4B1.2(a)(1) (amended 2016). *See United States v. Oliver*, 20 F.3d 415, 418 (11th Cir. 1994) ("Precisely the same analytical framework applied by the courts in ascertaining the scope of a 'crime of violence' logically obtains with respect to the question of what kind of conduct comprises a 'violent felony.'").

4

> [T]he underlying facts of Turner's conviction are unnecessary to classify Florida aggravated assault as a violent felony here, because by its definitional terms, the offense necessarily includes an assault, which is "an intentional, unlawful threat by word or act *to do violence* to the person of another, coupled with an apparent ability to do so." [Fla. Stat. § 784.011] (emphasis supplied). Therefore, a conviction under section 784.021 will always include "as an element the . . . threatened use of physical force against the person of another," and Turner's conviction for aggravated assault thus qualifies as a violent felony . . . .

709 F.3d at 1338 (citation omitted).[2] *Turner* was right to apply a categorical approach—that is, looking only to the statutory elements of the offense, without reference to the facts of the defendant's actual crime—in determining whether Florida's aggravated assault statute satisfies the elements clause. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013). For the offense to satisfy the definition of "violent felony" under the elements clause, "the least of the acts criminalized" must have as an element the actual, attempted, or threatened use of physical force against another person. *Id.* (alteration and internal quotation marks omitted).

*Turner* reached the wrong conclusion, however, because it failed to consider the least of the acts Florida criminalizes in its aggravated assault statute. In *Turner*, the court assumed based on the wording of the Florida statute that the offense of aggravated assault necessarily involves an *intentional* act—a *mens rea*

---

[2] Under Florida law, simple assault is elevated to aggravated assault if it is committed (1) "[w]ith a deadly weapon without intent to kill" or (2) "[w]ith an intent to commit a felony." Fla. Stat. § 784.021. Florida's simple assault statute contains the operative intent element that *Turner* analyzed. *See id.* § 784.011. The intent element is the same for both simple and aggravated assault.

5

the elements clause requires.[3]  *See United States v. Palomino Garcia*, 606 F.3d 1317, 1334-36 (11th Cir. 2010) (emphasizing that "use of physical force" in the elements clause can only be satisfied by intentional conduct).  In making this assumption without consulting Florida caselaw, *Turner* overlooked our earlier holding that, "in determining whether a conviction . . . is a 'crime of violence' for sentencing enhancement purposes, we are bound by Florida courts' determination and construction of the substantive elements of that state offense."  *United States v. Rosales-Bruno*, 676 F.3d 1017, 1021 (11th Cir. 2012).

If in *Turner* we had looked to Florida caselaw, we would have found that the State may secure a conviction under the aggravated assault statute by offering proof of less than intentional conduct, including recklessness.  *See, e.g.*, *Kelly v. State*, 552 So. 2d 206, 208 (Fla. Dist. Ct. App. 1989) ("Where . . . there is no proof of intentional assault on the victim, that proof may be supplied by proof of conduct equivalent to culpable negligence . . . or by proof of willful and reckless disregard for the safety of others."); *LaValley v. State*, 633 So. 2d 1126, 1127 (Fla. Dist. Ct. App. 1994).[4]  And under our own binding precedent, "a conviction predicated on a *mens rea* of recklessness does not satisfy the 'use of physical force' requirement" of the elements clause.  *Palomino Garcia*, 606 F.3d at 1336.

---

[3] This assumption was understandable:  neither party in *Turner* made the argument I advance here, and the law in this area was far less developed than it is today.  *See infra* Part II.

[4] We generally defer to the holdings of a state's intermediate courts when no state supreme court precedent exists.  *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011), *cited with approval in Rosales-Bruno*, 676 F.3d at 1021.

6

*Turner*'s holding that Florida aggravated assault categorically qualifies as a violent felony under the elements clause was in conflict with *Rosales-Bruno*, *Palomino Garcia*, and Florida law.  We as a panel cannot remedy this conflict.  *See United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong.").  But the en banc Court can, and in my view this case presents us with a good opportunity to do so,[5] particularly since a trio of recent Supreme Court decisions, taken together, make clear that *Turner* rests on an unsound analytical framework.

## II.    Intervening Supreme Court Precedent Confirms that *Turner*'s Analysis Cannot Be Correct.

Just months after *Turner* was decided, the Supreme Court decided the first of three cases that in combination illustrate the problem with our prior panel decision's analysis.  Specifically, these three cases—*Moncrieffe v. Holder*, *Descamps v. United States*, and *Mathis v. United States*—confirm that we were right in *Rosales-Bruno* to consider state court decisions interpreting the elements of a state's criminal statute and mistaken in *Turner* to overlook this critical analytical step.

---

[5] The government has not asked us to sidestep the elements clause question by resolving this case on an alternative ground such as whether Mr. Golden's aggravated assault conviction qualifies as a crime of violence because it "involves conduct that presents a serious potential risk of physical injury to another," the so-called "residual clause" of guidelines' definition of "crime of violence."  U.S.S.G. § 4B1.2(a)(2); *see* Appellee's Br. at 14.

The first of these three cases arose in a context distinct but nonetheless analogous to *Turner* and Mr. Golden's case. In *Moncrieffe v. Holder*, the Supreme Court considered whether a Georgia conviction for "the social sharing of a small amount of marijuana" was equivalent to the generic federal offense of illicit drug trafficking and therefore an "aggravated felony" under the Immigration and Nationality Act. 133 S. Ct. at 1682. The Court concluded that it was not. Just as we relied on decisions of Florida's appellate courts in *Rosales-Bruno*, the Supreme Court in *Moncrieffe* consulted Georgia caselaw construing the crime of possession with intent to distribute marijuana to determine that the least of the acts the state law criminalized was not encompassed by the generic illicit drug trafficking offense. *Id.* at 1684-86.

Not long after *Moncrieffe*, the Supreme Court clarified that federal courts construing state criminal statutes for purposes of deciding whether the state criminal offense constituted a violent felony under ACCA must "focus on the elements, rather than the facts, of a crime." *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). In *Descamps*, the Court expressly left unanswered "the question whether, in determining a crime's elements, a sentencing court should take account not only of the relevant statute's text, but of judicial rulings interpreting it." *Id.* at 2291. Our Court, noting that "[t]he *Descamps* decision did nothing to undermine the holding of our *Rosales–Bruno* decision," continued to

8

rely on state judicial rulings interpreting state criminal statutes when deciding whether those crimes constituted violent felonies. *United States v. Howard*, 742 F.3d 1334, 1346 n.5 (11th Cir. 2014); *see United States v. Lockett*, 810 F.3d 1262, 1270 (11th Cir. 2016) ("What elements South Carolina prosecutors are required to prove for a burglary conviction is a question of South Carolina law. And so we look to the state's courts to answer this question." (citing *Howard*, 742 F.3d at 1346)).

This year, the Supreme Court decided *Mathis v. United States*, which demonstrates that *Rosales-Bruno* was rightly decided and should be followed in cases like Mr. Golden's. 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court answered the question left open in *Descamps*, instructing federal courts seeking to determine a state crime's elements to follow any "state court decision" that "definitively answers that question." *Id.* at 2256. *Mathis* is not clearly on point with *Turner* and Mr. Golden's case because it considered a different definition of violent felony—the one found in the "enumerated crimes" rather than the "elements" clause. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (noting that an intervening Supreme Court decision must be "clearly on point" to abrogate a prior panel decision of this Court (internal quotation marks omitted)). But *Mathis* nonetheless reaffirmed the principle we set out in *Rosales-*

9

*Bruno*:  we look to authoritative state court decisions to decide whether the least of the acts a state statute criminalizes constitutes a crime of violence.

In affirming the validity of our *Rosales-Bruno* holding, *Mathis* shows us that *Turner*'s analysis was incorrect.  Had *Turner* looked to the elements of aggravated assault under Florida law as interpreted by Florida courts, it would have been clear that the offense cannot qualify as a violent felony under the elements clause because a conviction can be obtained where the defendant merely was reckless.  In the wake of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), district courts throughout the circuit are undertaking resentencing proceedings where they are tasked with deciding anew whether a defendant's prior convictions were for crimes of violence justifying an enhanced sentence.  Circuit law should not compel district courts to continue applying *Turner* now that the Supreme Court has revealed the error of *Turner*'s approach.  Although I am bound to concur in the judgment in this case, I believe we as a full court should use it as an opportunity to overrule *Turner* and square our precedent with our own earlier precedents, Florida law, and the Supreme Court's recent decisions.