[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10343
Non-Argument Calendar
_____

D.C. Docket Nos. 9:16-cv-81104-WJZ; 9:10-cr-80139-WJZ-3


JUAN MERCADO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 2, 2018)


Before TJOFLAT, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Juan Mercado, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate and to correct his sentence. No reversible error has been shown; we affirm.

In 2010, Mercado pleaded guilty to armed bank robbery (in violation of 18 U.S.C. § 2113(a) and (d)) and to brandishing a firearm during and in relation to a crime of violence (in violation of 18 U.S.C. § 924(c)(1)(A)). Mercado filed no direct appeal.

In his section 2255 motion, Mercado argued that he was "actually innocent" of his conviction under 18 U.S.C. § 924(c).[*] The district court denied Mercado's motion. A member of this Court then granted a certificate of appealability on this issue: "Whether the District Court erred in concluding Mr. Mercado's conviction under 18 U.S.C. § 924(c), predicated on armed bank robbery under 18 U.S.C. § 2113(a) and (d), was unaffected by the Supreme Court's ruling in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015)."

We review de novo legal issues in section 2255 proceedings. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Whether an offense constitutes a "crime of violence" for purposes of section 924(c) is a legal question

---

[*] Mercado raised no challenge to his conviction or sentence for armed bank robbery, 18 U.S.C. § 2113(a) and (d).

2

subject to de novo review. United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013).

Section 924(c) provides for a mandatory consecutive sentence of at least seven years if a defendant brandishes a firearm during a crime of violence. 18 U.S.C. § 924(c)(1)(A)(ii). "Crime of violence" is defined as a felony that satisfies at least one of the following criteria:

(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

28 U.S.C. § 924(c)(3).

Mercado contends that the Supreme Court's decision in Johnson -- which struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) -- also invalidated the "risk-of-force clause" in section 924(c)(3)(B). This argument, however, is foreclosed by this Court's binding precedent. See Ovalles v. United States, 861 F.3d 1257, 1265 (11th Cir. 2017) (concluding expressly that "Johnson's void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause in § 924(c)(3)(B).").

Moreover, this Court has already concluded that a conviction for armed bank robbery constitutes a "crime of violence" under the "use-of-force clause" in section 924(c)(3)(A). See In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016) (denying an

3

application for leave to file a second or successive section 2255 motion); In re Hunt, 835 F.3d 1277, 1277 (11th Cir. 2016) (same).  We are bound by that precedent.  See In re Lambrix, 776 F.3d 789, 794 (11th Cir. 2015) (explaining that "our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions."); United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (under this Court's prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.").

Because Mercado's conviction is unaffected by the Supreme Court's decision in Johnson, we affirm the denial of his section 2255 motion.

AFFIRMED.

4