[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12283
Non-Argument Calendar
_____

D.C. Docket Nos. 4:16-cv-10043-UU; 4:02-cr-10005-UU-4

ELIO EXPOSITO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 12, 2019)

Before JILL PRYOR, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Elio Exposito, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate.  No reversible error has been shown; we affirm.

In 2002, Exposito pleaded guilty to (1) conspiracy to commit armed bank robbery, 18 U.S.C. § 371 (Count 1); (2) armed bank robbery, 18 U.S.C. § 2113(a), (d), (e), and 2 (Count 2); (3) conspiracy to carry a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(o) (Count 5); and (4) knowingly carrying and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 6).

The district court sentenced Exposito to a total sentence of 219 months of imprisonment.  Exposito's sentence included 60 months on Count 1, 135 months on Count 2, and 135 months on Count 5, to run concurrently to each other, and a consecutive 84-month sentence for Count 6.  Exposito filed no direct appeal.

In his section 2255 motion, Exposito argued that he was "actually innocent" of his conviction under 18 U.S.C. § 924(c), because -- in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) -- his conviction for armed bank robbery no longer qualifies as a "crime of violence." The district court denied Exposito's motion.  The district court then granted

2

Exposito a certificate of appealability on this issue: "whether Movant's conviction for armed bank robbery qualifies as a violent felony under § 924(c)'s use-of-force clause."

In reviewing the denial of a motion to vacate under section 2255, we review de novo the district court's legal conclusions and review the district court's factual findings for clear error. Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014).

Section 924(c) provides for a mandatory consecutive sentence of at least seven years if a defendant brandishes a firearm during a crime of violence. 18 U.S.C. § 924(c)(1)(A)(ii). "Crime of violence" is defined as a felony that satisfies at least one of the following criteria:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Exposito first contends that the Supreme Court's decision in Johnson -- which struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) -- also invalidated the "residual clause" in section 924(c)(3)(B). This argument, however, is foreclosed by this

3

Court's binding precedent.  See Ovalles v. United States, 905 F.3d 1231, 1253 (11th Cir. 2018) (en banc).

Applying the conduct-based approach adopted by this Court in Ovalles, Exposito's armed bank robbery conviction qualifies as a crime of violence under section 924(c)(3)(B).  The undisputed facts -- as set forth in the government's factual proffer -- demonstrate that, during the bank robbery, Exposito carried a gun which he pointed at bank employees.  Exposito and his codefendant restrained the bank employees, stole over $170,000, and then demanded that a bank employee give them keys to a car.  Exposito and his codefendant used the car to drive a short distance, where they boarded forcibly a boat and forced at gun point the boat's owner to transport them from Key Largo to Miami.  In the light of Exposito's actual offense conduct, Exposito's underlying conviction for armed bank robbery involved a substantial risk of physical force and, thus, qualifies as a crime of violence under section 924(c)(3)(B).  See Ovalles, 905 F.3d at 1252-53 (concluding that defendant's conviction for attempted carjacking constituted a "crime of violence" under section 924(c)(3)(B) because the undisputed "real-life details" of the crime demonstrated that defendant's conduct "posed a very real 'risk' that physical force 'may' be used.").

4

Moreover, this Court has already concluded that a conviction for armed bank robbery constitutes a "crime of violence" under the "use-of-force clause" in section 924(c)(3)(A).  See In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016) (denying an application for leave to file a second or successive section 2255 motion); In re Hunt, 835 F.3d 1277, 1277 (same); see also In re Sams, 830 F.3d 1234, 1239 (11th Cir. 2016) (concluding that a conviction for bank robbery alone -- pursuant to 18 U.S.C. § 2113(a) -- qualifies as a crime of violence under section 924(c)(3)(A)). We are bound by that precedent.  See In re Lambrix, 776 F.3d 789, 794 (11th Cir. 2015) (explaining that "our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions."); United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (under this Court's prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.").

AFFIRMED.

5